PEOPLE *v.* KENNEDY MATTHEWS

1. CRIMINAL LAW—CLOSING ARGUMENT—FAILURE TO OBJECT.
   Statement made in closing argument which is not objected to is not productive of a miscarriage of justice and is not reversible error.

2. CRIMINAL LAW—ILLEGAL DETENTION—COERCION—CONFESSION.
   An illegal detention of a defendant is grounds for reversal of his conviction only when its purpose is the coercion of a confession from him.

3. CRIMINAL LAW—LINEUP—ILLEGAL DETENTION—COERCED STATEMENT.
   Contention that testimony of the lineup identification of defendant was inadmissible because made during a period of illegal detention is without merit where defendant was arrested on a Friday, identified at a lineup the following morning, and arraigned on Monday, because the period of detention prior to the lineup identification was not unreasonable in view of the necessity of obtaining the presence of the eyewitnesses and the record shows no evidence of an attempt to obtain a confession or other coerced disclosure from the defendant.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 October 27, 1970, at Detroit. (Docket No. 8105.) Decided December 4, 1970. Leave to appeal denied March 10, 1971. 384 Mich 815.

Kennedy Matthews was convicted of first-degree murder. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 545.
[2, 3]  21 Am Jur 2d, Criminal Law §§ 485, 486, 505.
   25 Am Jur 2d, Duress and Undue Influence § 4.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendant appeals from a jury conviction on a charge of murder in the first degree. The people move to affirm.

The evidence against plaintiff is overwhelming, consisting of the testimony of three eyewitnesses, lineup identification and a palm print taken from the scene of the murder and identified at the trial as a palm print of the defendant.

Defendant's first claim of error is that certain portions of the people's closing argument were prejudicial. An examination of the remarks complained of, either in or out of context, fails to show that the remarks were prejudicial. Further, considering the great weight of the evidence against defendant, it is inconceivable that the remarks could have had any determinative effect on the jury's verdict of guilty. The remarks, to which no objection was made at the trial, did not produce a miscarriage of justice.

A statement made in closing argument which is not objected to and is not productive of a miscar-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

riage of justice is not reversible error.  *People* v. *David Smith* (1969), 16 Mich App 198.

Defendant was arrested on Friday, January 17, 1969 and was identified at a lineup on the following day at 9:30 a.m.  He was not arraigned until Monday, January 20, 1969.  He claims that testimony as to his identification in the lineup was inadmissible because made during a period of illegal detention.

An illegal detention is grounds for reversal only when its purpose is the coercion of a confession. *People* v. *Farmer* (1968), 380 Mich 198; *People* v. *Hamilton* (1960), 359 Mich 410; *United States* v. *Mitchell* (1944), 322 US 65 (64 S Ct 896, 88 L Ed 1140).

The period of detention prior to the lineup identification on the morning following defendant's arrest cannot be found unreasonable in view of the necessity of obtaining the presence of the eyewitnesses at the lineup and the fact that the record shows no evidence of an attempt to obtain a confession or other disclosure.

Defendant was represented by counsel at both the lineup and the trial.

Motion to affirm is granted.