No. 81–2343. SHOEMAKER, CHIEF, OHIO ADULT PAROLE AUTHORITY *v.* RILEY. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

In *Stone* v. *Powell*, 428 U. S. 465 (1976), the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.*, at 494. Since then, the Courts of Appeals have divided as to the meaning of the phrase "an opportunity for full and fair litigation." The Fifth Circuit has held that "an opportunity for full and fair litigation" of Fourth Amendment claims is provided if "the processes provided by a state to fully and fairly litigate fourth amendment claims are [not] routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits." *Williams* v. *Brown*, 609 F. 2d 216, 220 (1980). The Tenth Circuit has taken the position that the *Stone* v. *Powell* standard requires a determination that the state court made "at least [a] colorable application of the correct Fourth Amendment constitutional standards." *Gamble* v. *Oklahoma*, 583 F. 2d 1161, 1165 (1978) (allowing adjudication of Fourth Amendment claim because a controlling United States Supreme Court case was neither recognized nor applied by the state courts). The Third Circuit, as well as the Sixth Circuit in the case below, has held that *Stone* v. *Powell* does not deprive the federal courts of jurisdiction when "'the state provides the process but in fact the defendant is precluded from utilizing it by

reason of an unconscionable breakdown in that process.'"
*Boyd* v. *Mintz,* 631 F. 2d 247, 250 (1980) (quoting *Gates* v. *Henderson,* 568 F. 2d 830, 840 (CA2 1977) (en banc) (dictum)). The issue is obviously important and recurring. I would grant certiorari to settle it.