786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENNEDY MATTHEWS, Petitioner-Appellant
v.
DALE FOLTZ, Respondent-Appellee.
 84-1786
 United States Court of Appeals, Sixth Circuit.
 2/19/86
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH and MARTIN, Circuit Judges; and RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Kennedy Matthews appeals the district court denial of his petition for writ of habeas corpus. In 1969 in Wayne County Circuit Court, Detroit, Michigan, Matthews was convicted by a jury of first degree murder and was sentenced to life in prison. On December 4, 1970, the Michigan Court of Appeals affirmed, People v. Matthews, 28 Mich. App. 473, 184 N.W.2d 474 (1970), and then the Michigan Supreme Court denied leave to appeal. Matthews petitioned the district court pro se claiming that a writ of habeas corpus should be granted for two reasons. First, Matthews claimed that the trial court erred in admitting into evidence testimony that Matthews was identified in a lineup because the lineup was held while Matthews was unlawfully detained. Second, the prosecution made prejudicial comments in his closing argument which denied Matthews his right to a fair trial. The district court held that review of the fourth amendment lineup issue was precluded because the state appellate court had provided Matthews with a full and fair opportunity to litigate the issue. The court held that the prosecutor's remarks were not so prejudicial as to deprive Matthews of due process. We agree.
 
 
 2
 Matthews was arrested on Friday, January 17, 1969, and was made part of a lineup on the following morning. One of the eyewitnesses to a robbery of a loan company identified Matthews as the man who had killed a loan company employee in the course of the robbery. Matthews was arraigned on Monday, January 20, 1969. At trial, Matthews was positively identified by two eye witnesses. A palm print on a water fountain at the scene of the killing was found to be Matthews' print. At trial, the witness who had identified Matthews in the lineup as one of the assailants testified that she had identified him earlier in the lineup. Matthews claims that the detention between January 17 and January 20, 1969, was illegal and therefore that the lineup identification during the illegal detention should have been excluded from evidence.
 
 
 3
 Even if we assume that the detention was illegal, Stone v. Powell, 428 U.S. 465 (1976), precludes review of the claim. In Stone v. Powell, the Supreme Court held that state prisoners could not collaterally attack their conviction on grounds that illegal evidence was admitted at trial if the '[s]tate has provided an opportunity for full and fair litigant of Fourth Amendment claims.' Id. at 494. Collateral attack is precluded if the state procedural mechanism presents the opportunity to raise a fourth amendment claim and the claim is not in fact frustrated because of a failure of that mechanism. Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied sub nom. Shoemaker v. Riley, 459 U.S. 948 (1982). Clearly, Matthews had a full opportunity to litigate his fourth amendment claim on appeal. As stated in People v. Moore, 391 Mich. 426, 431, 216 N.W.2d 770 (1974):
 
 
 4
 if it appears from the trial record that had a motion to suppress been made it should have been granted, an appellate court may properly grant relief even though the issue was raised for the first time on appeal.
 
 
 5
 Nor was Matthews' claim frustrated. Matthews presented his claim to the Michigan Court of Appeals and that court in its decision responded:
 
 
 6
 An illegal detention is grounds for a reversal only when its purpose is the coercion of a confession. . . .
 
 
 7
 The period of detention prior to the line-up identification on the morning following defendant's arrest cannot be found unreasonable in view of the necessity of obtaining the presence of the eyewitnesses at the line-up and the fact that the record shows no evidence of an attempt to obtain a confession or other disclosure.
 
 
 8
 Matthews, 28 Mich. App. at 475. This is not the same situation as that in Riley in which the court found that presentation of the petitioner's claim was frustrated because the state appellate court ruled that the petitioner did not have standing. The standing issue had not been briefed or argued because the petitioner had relied on a rule of law which the appellate court refused to apply. The holding of the appellate court created a situation in which the substantive fourth amendment argument was not considered. Riley, 674 F.2d at 526-27. In this case, Matthews presented his claim and that claim was considered. Review of the state court's substantive treatment of the issue is therefore precluded. Stone v. Powell, 428 U.S. 465 (1976). See also Gilbert v. Parke, 763 F.2d 821, 824 (6th Cir. 1985); Riley, 674 F.2d at 525-26.
 
 
 9
 As a side issue, Matthews claims that the lineup was violative of his right to counsel and so the lineup identification testimony should not have been entered into evidence. This claim fails because the constitutional right to counsel does not attach until after the initiation of formal judicial proceedings. Kirby v. Illinois, 406 U.S. 682, 689-90 (1972); United States v. Reynolds, 762 F.2d 489, 493 (6th Cir. 1985). Matthews had no right to counsel at a lineup held before arraignment. Id. at 690.
 
 
 10
 Finally, Matthews claims that his right to effective assistance of counsel was infringed upon by the following statement made by the prosecutor in his closing argument:
 
 
 11
 It would be a feather in my cap to win this case because you see, ladies and gentlemen, I heard that from Mr. O'Connell. The first time I tried a case from him, that upset me a little bit, and the second time it still upset me; and now that I am trying my third case against Mr. O'Connell, my head is heavy with feathers.
 
 
 12
 Matthews contends that by referring to previous victories against Matthews' trial attorney and by suggesting that the attorney knew Matthews was guilty, the prosecution infringed upon Matthews' right to effective assistance of counsel.
 
 
 13
 Matthews also compains of the following prosecutor's statement: 'I would go to my grave hating that feather if I thought I came before you and asked you to convict an innocent man.' Matthews claims that this statement communicated the prosecutor's personal belief in the guilt of Matthews and therefore denied Matthews the right to confront witnesses against him. Matthews claims that because these specific rights are involved, the totality of the circumstance standard used by the district court was improper. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).
 
 
 14
 As a federal court reviewing, in a habeas posture, prosecutorial misconduct which occured in a state court proceeding, our review of infringements on rights secured by the Bill of Rights is necessarily by way of the due process clause of the fourteenth amendment. In this analysis, we must determine whether there has been a 'failure to obser e that fundamental fairness essential to the very concept of justice.' Donnelly, 416 U.S. at 642 (quotingLisenba v. California, 314 U.S. 219, 236 (1941)). In United States v. Leon, 534 F.2d 667, 679 (6th Cir. 1976), this Court identified the factors to consider in analyzing prosecutorial misconduct cases.
 
 
 15
 In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused.
 
 
 16
 Id. at 679. See also United States v. Cusmano, 729 F.2d 380, 384 (6th Cir.), cert. denied, ---- U.S. ----, 104 S. Ct. 3536 (1984); Webster v. Rees, 729 F.2d 178, 1080-81 (6th Cir. 1984). Viewing the totality of the circumstances, as the district court did, we agree with that court's conclusion that the prosecutor's comments, though improper, 'were neither so persuasive nor so prejudicial as to deny due process to the Petitioner.'
 
 
 17
 We affirm.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation