**William Eugene TAYLOR, Petitioner,**

v.

**Jack MORGAN, Warden, etc., et al., Respondents.**

Civ. A. No. 3:89–0128.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 24, 1989.

Charles R. Ray, Ray & Housch, Nashville, Tenn., for petitioner.

Jerry Smith, Atty. Gen. Office, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

The petitioner Mr. William Eugene Taylor applied *pro se* for federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden pursuant to the judgment of his conviction of December 3, 1986 by the Criminal Court of Tennessee for its 20th judicial district (comprising Davidson County), in violation of the Constitution, Fourth Amendment, Right Against Unreasonable Search and Seizure Clause; and Fourteenth Amendment, § 1, Right to the Due Process of the Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). He claims that he exhausted the remedies available to him through the corrective processes of the state of Tennessee, by having presented fairly his claims herein to the Supreme Court of Tennessee. 28 U.S.C. § 2254(b).

Mr. Taylor claims that his conviction was obtained through the introduction of evidence discovered pursuant to an unconstitutional search and seizure. He presents several constitutional challenges to the validity of the pertinent search warrant and to the affidavit supporting its issuance.

"[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046[3], 49 L.Ed.2d 1067 (1976). However, Mr. Taylor con-

tends that he did not receive such full and fair litigation of his claim, because his trial-Court refused to apply the appropriate federal-constitutional standards to the facts of his case and also, because such Court ignored the pertinent controlling precedential case-law of the Supreme Court of the United States.

Such allegations, even if established, do not support a finding, that Mr. Taylor was not afforded the opportunity for a full and fair hearing in his trial Court:

"[I]n deciding whether the petitioner received an opportunity for a full and fair hearing in the state court, [this Court] must determine whether the state court took 'cognizance' of the petitioner's claim." *Riley v. Gray*, 674 F.2d 522, 525[1] (6th Cir.1982); *cert. den.*, 459 U.S. 948, 103 S.Ct. 266, 74 L.Ed.2d 207 (1982). In making such a determination the Court makes two distinct inquiries: "whether the state procedural mechanism in the abstract presents the opportunity to raise a Fourth Amendment claim * * * [and] * * * whether presentation of such claim was in fact frustrated because of a failure of that mechanism." *Ibid.*, at p. 526.

Rule 12(b), T.R.Crim.P., provided the opportunity for Mr. Taylor to present by way of a pretrial motion to suppress evidence of an allegedly illegal search and seizure, which is precisely what he did. Furthermore, the transcript of the hearing on such motion to suppress reveals that Mr. Taylor's presentation of his claim was in no way frustrated due to any failure of the pertinent state-procedural mechanism.

Neither is the preclusive effect of the holding in *Stone v. Powell, supra* affected by Mr. Taylor's allegation, that his trial-Court applied erroneously the wrong legal-standard to his claim, even if such allegation has merit. "The *Stone* bar applies despite a state court's error in deciding the merits of a defendant's Fourth Amendment claim." *Lenza v. Wyrick*, 665 F.2d 804, 808 [6] (8th Cir.1981).

As the petitioner has not stated a claim upon which the relief sought herein may be granted, his petition herein hereby is

DISMISSED summarily. Rule 4, Rules —§ 2254 Cases.

The clerk will so notify the petitioner and shall serve forthwith by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee a copy of such petition and of this order. *Idem.*

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., he is authorized to proceed thereon *in forma pauperis.* Rule 24(a), F.R. App.P. Any such notice will be treated also as a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue, because the petitioner has failed clearly to state a claim upon which relief may be granted.