81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kurt HELTON, Petitioner-Appellant,
v.
Melody TURNER, Warden, Respondent-Appellee.
 No. 95-3694.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1996.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.*
 PER CURIAM.
 
 
 1
 In this appeal we review the denial of Kurt Helton's habeas corpus petition filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, we AFFIRM the rulings of the district court.
 
 I. FACTS AND CASE HISTORY
 
 2
 Kurt Helton was convicted by an Ohio jury on one count of receiving stolen property with specifications for two prior theft offenses. Prior to trial, the court denied Helton's motion to suppress evidence obtained from a search of an outdoor shed owned by his sister and an automobile located on his sister's property. The trial court also denied Helton's motion to exclude from the jury's consideration records of Helton's prior criminal history contained in a box seized from the automobile. Helton timely appealed his conviction; the state appellate court found that Helton lacked standing to challenge the searches of his sister's premises and affirmed his conviction, and the Ohio Supreme Court dismissed his appeal for lack of a substantial constitutional question. Helton then filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, which was denied by the district court.
 
 
 3
 On appeal, Helton claims that the district court erred in two respects: first, by holding that his Fourth Amendment claims had been fully and fairly litigated in state court and were therefore not cognizable in this habeas proceeding; second, by holding that Helton's Fifth and Fourteenth Amendment rights were not violated when the district court permitted the jury to see Helton's federal presentence investigation report and copies of his entire criminal history. We will consider these claims in turn.
 
 II. ANALYSIS
 
 4
 We review de novo the denial of a petition for a writ of habeas corpus, while district court findings of fact are reviewed for clear error. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). "Pursuant to the 28 U.S.C. § 2254(d) presumption of correctness, we give complete deference to district and state court findings supported by the evidence." Id. (citing Sumner v. Mata, 455 U.S. 591, 597 (1982)). The trial court error must have "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 1722 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Thus Helton would be entitled to habeas relief based on trial error only if he can establish that the error resulted in actual prejudice. Brecht, --- U.S. at ----, 113 S.Ct. at 1722.
 
 A. Full and Fair State Litigation
 
 5
 It is clearly established that Helton may not be granted habeas relief on his Fourth Amendment claim where the state has provided him with an opportunity to fully and fairly litigate that claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Here, citing Riley v. Gray, 674 F.2d 522 (6th Cir.), cert. denied sub nom. Shoemaker v. Riley, 459 U.S. 948 (1982), Helton claims that because the state court of appeals denied his suppression claim for lack of standing, his opportunity fully and fairly to litigate the merits of that claim was frustrated. The district court held that Riley is distinguishable and Helton's claim is without merit.
 
 
 6
 The district court's conclusion that this case must be distinguished from Riley is clearly correct. Riley involved the denial of a motion to suppress that took place before the "automatic standing rule" of Jones v. United States, 362 U.S. 257 (1960), was overruled by United States v. Salvucci, 448 U.S. 83 (1980). Riley's habeas proceedings took place after Salvucci was decided, and as the Supreme Court did in Salvucci itself, we remanded the case to allow the defendant to prove that he had a legitimate expectation of privacy in the premises that had been searched. Since Salvucci, there can be no question that every defendant who seeks the protection of the exclusionary rule to suppress evidence seized in violation of the Fourth Amendment must demonstrate that his own Fourth Amendment rights were violated. See United States v. McNeal, 955 F.2d 1067, 1072 (6th Cir.1992). Helton is not in the position of "a criminal defendant [who was] not allowed to fully present his Fourth Amendment claim in the state courts because of unanticipated and unforeseeable application of a procedural rule which prevent[ed] state court consideration of the merits of the claim." Riley, 674 F.2d at 527. Helton was required to establish affirmatively that his own Fourth Amendment rights were violated because the premises from which the evidence was seized were premises in which he had a legitimate expectation of privacy. A review of the record reveals that he failed to do so.
 
 
 7
 In the state trial court, Helton moved to suppress the evidence obtained from the search of his sister's shed and the automobile on her premises, claiming that since these were under his control, his sister lacked the authority to consent to a search.[1] The trial court reviewed all of the evidence presented by Helton regarding his control over the premises and concluded that Helton's sister owned the premises and that the police officers' belief that she had authority to consent was reasonable. The state court of appeals affirmed, on the basis that the evidence presented to the trial court showed that Helton neither owned nor occupied the premises, and therefore lacked standing to challenge his sister's consent. Both courts thoroughly addressed the factual basis of Helton's claim, namely his control over and reasonable expectation of privacy in the premises. After exhaustively reviewing the proceedings in the state courts relative to Helton's claims regarding the propriety of the searches, the district court concluded that the propriety of the search was actually litigated in the state courts. Our review of the record leads us to the same conclusion.
 
 
 8
 We find no error in the district court's conclusion that Helton's Fourth Amendment claim was fully and fairly litigated in the state courts.
 
 
 9
 B. Jury Consideration of Helton's Criminal History
 
 
 10
 We now turn to Helton's argument that the jury's consideration of the contents of a box found in the automobile violated his Fifth and Fourteenth Amendment rights against self-incrimination, to due process and to a fair trial. The box contained various personal items belonging to Helton, including clothes, letters, a federal presentence investigation report, records of Helton's two previous state-court convictions, and other documentation of Helton's criminal history. Although Helton asked the trial judge to remove the documents relating to his criminal history, the trial court allowed the jury to consider the entire contents of the box, ruling that the records were admissible under Ohio law to prove the theft specifications in the indictment and that the other papers referencing Helton's criminal record were relevant evidence tying Helton to the stolen items in the car. We inquire, pursuant to Estelle v. McGuire, 502 U.S. 62, 68 (1991), whether the state evidentiary ruling violated Helton's constitutional rights by denying him a fundamentally fair trial. See also Woodruff v. Lane, 818 F.2d 1369, 1373 (7th Cir.1987).
 
 
 11
 An examination of the trial as a whole, not just Helton's assignments of procedural error, reveals no violation of fundamental principles of a fair criminal process so egregious as to have nullified the legitimacy of the properly admitted substantive evidence of Helton's guilt. Lundy v. Campbell, 888 F.2d 467, 473 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The properly admitted substantive evidence provided a wealth of evidence sufficient to sustain a conviction of receipt of stolen property which was not nullified by the admission of the contents of the box. Additionally, in order to prove the prior theft specifications, evidence of Helton's prior convictions would have been admitted nonetheless, thus minimalizing any additional prejudice caused by the contents of the box. There was no denial of a fundamentally fair trial.
 
 III. CONCLUSION
 
 12
 For the reasons enumerated above, the ruling of the district court denying Helton's habeas petition is AFFIRMED.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Helton also claimed that his sister's consent was obtained by coercion, but the state trial court rejected this contention and the state court of appeals found that the totality of the circumstances indicated that consent was freely given