Charles Glen LOVEDAY,
Petitioner-Appellant,

v.

Herman DAVIS, Warden,
Respondent-Appellee.

No. 81–5252.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 28, 1982.
Decided Jan. 5, 1983.

---

Phillip C. Lawrence (argued), Chattanooga, Tenn., for petitioner-appellant.

William M. Leech, Jr., Atty. Gen. of Tennessee, Gordon W. Smith, Asst. Atty. Gen. (argued), Nashville, Tenn., for respondent-appellee.

Before KENNEDY and KRUPANSKY, Circuit Judges, and WILHOIT,* District Judge.

KRUPANSKY, Circuit Judge.

Charles Loveday (Loveday) was convicted of second-degree murder in the Criminal Court for Green County, Tennessee, and sentenced to 30 years incarceration. Having exhausted his state remedies, Loveday filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 assigning as error, *inter alia,* insufficiency of the evidence to support the conviction. The petition was summarily dismissed by the district court without examination of the trial transcript. On appeal, petitioner asserts that the allegations of the petition required the district court to predicate its judgment upon the trial transcript rather than upon the written opinions issued in the Tennessee forum. This Court disagrees.

Congress, in an attempt to "alleviate" friction between the state and federal forums, amended the Federal Habeas Act of 1867 by adding 28 U.S.C. § 2254(d).[1] *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (*Sumner* I). Said provision states:

> (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent

---

* Hon. Henry Wilhoit, District Judge, United States District Court for The Eastern District of Kentucky, sitting by designation.

1. Act of November 2, 1966, Pub.L. No. 89–711, § 2, 80 Stat. 1105, amending 28 U.S.C. § 2254.

thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

It is generally recognized that § 2254(d) codified the circumstances when an evidentiary hearing is mandated in the federal forum as espoused in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).[2] *See: Brewer v. Williams,* 430 U.S. 387, 395–96, 97 S.Ct. 1232, 1237–38, 51 L.Ed.2d 424 (1977); *Fowler v. Jago,* 683 F.2d 983, (6th Cir.1982); *Guice v. Fortenberry,* 661 F.2d 496, 500 (5th Cir.1981) (en banc) (numerous citations). Of § 2254(d) this Circuit has recently observed:

Although on its face the statute does not govern when a federal court must hold an independent evidentiary hearing, it does require that state court findings of fact made after a full and fair hearing are entitled to a presumption of correctness. If the findings of the state court meet the indicia outlined in § 2254(d), the state court determination is presumed to be correct. Nevertheless, the presumption and special burden of proof do not operate at all if any one of the eight specified exceptions to the statute exists. These eight exceptions appear to subsume the six *Townsend* criteria. Thus, the determination that one of the six *Townsend* criteria exists necessarily resolves the § 2254(d) burden of proof issue. If one of the *Townsend* criteria is present, the district court must hold an evidentiary

**2.** *Townsend* identified circumstances wherein an independent federal evidentiary hearing is mandated:

Where the facts are in dispute, the federal court in a habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

372 U.S. at 312–13, 83 S.Ct. at 757 (footnote omitted). Six categories were expressly enumerated as within the purview of the above general rule so as to require a mandatory evidentiary hearing:

We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.*

hearing and the presumption of correctness does not apply. Conversely, if the presumption is operative, an evidentiary hearing cannot be mandated.

Under both *Townsend* and § 2254(d), therefore, the district court must conduct an inquiry into whether the state court has adequately resolved the factual issues contained in the petitioner's constitutional claim.

*Fowler, supra,* at 988 (footnote omitted).

■ Accordingly, the presumption of correctness attaches, and, indeed, the federal forum is required to defer to the state court's finding of fact, "unless one of the factors listed in § 2254(d) is found." *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (*Sumner* II). The eight exceptions to the presumption of correctness may be "found" to exist via three methods: the applicant may establish that such exists; it shall otherwise appear that such exists; or the respondent shall admit that such exists. 28 U.S.C. § 2254(d).

■ Addressing the first of these three methods, it is axiomatic that if a petitioner intends to *establish* that the factual determinations issued in the state forum are violative of one of the eight exceptions, then the petition for a writ of habeas corpus must at a minimum *allege* or provide indicia of the same. Such an allegation will trigger an inquiry as to whether one of the eight exceptions are applicable. A proper

resolution of such inquiry requires the district court to examine the trial record. Summary dismissal of the petition without examination of the record would be improper. *See: United States ex rel. Jones v. Franzen,* 676 F.2d 261 (7th Cir.1982). The mechanism for production of the trial record is provided in 28 U.S.C. § 2254(e)[3] and admissibility is effectuated by § 2254(f).

If the petition fails to allege that the factual determinations rendered in the state forum are within the purview of § 2254(d)(1) through (8), and therefore fails to provide indicia that an attempt will be made to satisfy the same, the presumption attaches unless it "otherwise appears" or the respondent "admits" that the factual determinations are incorrect. If it does not so appear or is so admitted, the district court is at liberty to accept the underlying factual determinations as correct and apply the same to controlling legal principles.

In particular, the district court may accept as correct findings of fact made by a state appellate court, such being "determinations after a hearing on the merits of a factual issue" within the meaning of § 2254(d). *Sumner I, supra,* 449 U.S. at 547, 101 S.Ct. at 769.[4]

■ Analysis of whether the presumption of correctness of factual determinations has been challenged so as to require the district court to examine the trial record must commence with the allegations of

---

**3.** 28 U.S.C. § 2254(e) provides in full:

(e) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding in support of the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

Although Loveday does not contend on appeal that § 2254(e) requires the district court to order and examine the trial record when a petition is predicated upon insufficiency of the evidence to support a conviction, such an assertion has been rejected in *United States ex rel. Green v. Greer,* 667 F.2d 585, 589–90 (7th Cir.1981).

**4.** *Sumner I* and II implicitly overruled this Circuit's decisions in *Thacker v. Bordenkircher,* 557 F.2d 98 (6th Cir.1977), and *Payne v. Cardwell,* 436 F.2d 577 (6th Cir.1971), relied upon by petitioner, to the extent that these decisions were predicated upon the conclusion that a district court may not rely upon the findings of a state appellate court without independently reviewing the state trial record.

the petition. In the action *sub judice* the assignment of error predicated upon insufficiency of the evidence to support a conviction is phrased as follows:

> GROUND ONE: That there is no material evidence.
>
> SUPPORTING FACTS (TELL YOUR STORY BRIEFLY WITHOUT CITING CASES OR LAW) The evidence is not sufficient to support a conviction for murder in the second degree nor does the testimony of witnesses support a conviction and sentence of 30 years. State witness testimony in this entire case of petitioner is moreover inconsistent and unmaterial to support the conviction of murder in the second degree and a sentence of 30 years. The reading of Court transcript will stand strong in support of these grounds for relief. (Exhibit One in support).[5]

This *pro se* petition, when liberally construed in accordance with the principles enunciated in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and reaffirmed in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), fails to challenge directly or indirectly those factual determinations rendered in the state forum and fails to invoke any of the eight exceptions to the assumption of correctness. Loveday does not seek to establish the existence of an exception to the presumption.

Rather, the legal sufficiency of the facts to support the conviction is asserted as error. Further, when the respondent expanded the district court record by providing pertinent state filings,[6] it did not appear therein, nor did respondent admit, that any exception to the presumption of correctness was applicable.

The presumption of correctness therefor attached even though the underlying constitutional claim asserted insufficiency of the evidence to support a conviction. The district court was not required, given the allegations of the petition, to examine the trial transcript. This precise situation has twice been addressed in the Seventh Circuit. As Judge Posner has observed:

> Now it might appear that such an allegation [insufficiency of the evidence to support a conviction] could never be rejected by the habeas corpus judge without his examining the trial record to see whether it contained sufficient evidence to persuade a rational trier of fact of guilt beyond a reasonable doubt. But this is not so where, as here, the testimony at the trial is summarized in the state appellate court's opinion and the petitioner does not quarrel with that summary but simply contends that a rational trier of fact could not have inferred from it guilt beyond a reasonable doubt.

5. "Exhibit One", incorporated into Loveday's petition by reference, consists of his brief which was filed in the Supreme Court of Tennessee in support of his petition for certiorari. Said brief summarizes in detail the evidence presented at trial, referencing the pertinent portions of the transcript and often quoting directly therefrom.

    Accordingly, although the trial transcript was not filed with the district court, petitioner's rendition of pertinent portions of the same was available for inspection. Assuming, *arguendo,* that Loveday accurately summarized the testimony and proceedings of trial and authentically quoted from the trial transcript, and that Loveday therefore "produced" a state court record within the meaning of § 2254(d)(8), it does not appear therefrom that any factual determination rendered in the state forum is not fully supported by the record. On the contrary, the summarized testimony totally supports the factual determinations contained in the opinion of

the Court of Criminal Appeals of Tennessee and which were relied upon by the district court. Since Loveday's summarization and interpretation of the trial transcript, if correct, would not have warranted relief, the district court was axiomatically not mandated to examine said transcript to ascertain if petitioner's rendition thereof was accurate.

6. The expanded record included the following numerous filings: Loveday's motion for a new trial with brief in support, and judgment thereon; appellate opinion affirming the trial court's judgment; per curiam denial of certiorari by the Tennessee Supreme Court and Loveday's extensive brief in support of the petition for certiorari; Loveday's petition for post-conviction relief filed in state trial court and written opinion denying the same; appellate opinion affirming the trial court's denial of post-conviction relief.

*Davis v. Franzen,* 671 F.2d 1056, 1057 (7th Cir.1982). *Accord: United States ex rel. Green v. Greer,* 667 F.2d 585 (7th Cir.1981).[7]

■ It was therefore incumbent upon the district court to ascertain if the factual determinations satisfied the criteria of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Court of Criminal Appeals of Tennessee summarized the evidence of trial as follows:

The defendants-appellants, Charles Glen Loveday and Donnie Hugh Teaster, were convicted of second degree murder in the homicide death of Layton Morgan. The jury sentenced each of them to serve thirty years in the state penitentiary. We affirm.

The victim's body was found along the side of the rural road by two Green County residents whose attention was attracted by squealing automobile tires and cries for help. Although they could not positively identify the automobile which they saw fleeing the scene, it was described as green and perhaps a Dodge. Later that evening, the defendants were arrested in Gatlinburg in Loveday's brown Plymouth after being stopped for suspicion of driving while intoxicated and possessing an open beer can, in violation of a city ordinance. In plain view in the rear of the defendants' vehicle were several items which had earlier that evening been reported stolen from the home of James Doyle Shahan of Sevierville, and upon his arrest a knife was taken from defendant Loveday.

A search of the automobile, made after defendant Loveday signed a consent form, revealed several items of personal property which had belonged to the homicide victim, Layton Morgan, as well as several items taken from Mr. Shahan's home. Mr. Shahan testified that several days after the burglary he found a receipt on his lawn from the Greene County General Sessions Court, bearing the name Layton Morgan.

Another witness for the State testified to finding the plastic encased social security card of Layton Morgan along the road leading from the place where the victim's body was found to Sevierville. The theory of the State, apparently accepted by the jury, was that the defendants robbed and murdered Layton Morgan, then proceeded to Sevierville to burglarize Mr. Shahan's home, but along the way they discarded part of the "loot" from the victim, either because it was of no value or because it would incriminate them in the homicide if it were found in their possession. From the proof presented we cannot say that the evidence preponderates against the verdict of the jury, as it must if that verdict is to be reversed. *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173 (1963).

It was further observed that the victim "has been stabbed in the chest."

The district court adjudged, and this Court agrees, that said evidence is sufficient to support Loveday's conviction for second-degree murder under the principles established in *Jackson.* The remaining assignments of error advanced in the petition are equally frivolous.

In accordance with the foregoing, the judgment of the district court is hereby AFFIRMED.

---

**7.** Petitioner asserts that § 2254(d)(8) is applicable herein and that the presumption of correctness is defeated under this provision when a petition is predicated upon insufficiency of the evidence. However, said provision addresses the "sufficiency of the evidence *to support such factual determination*" and not sufficiency of the evidence to support the conviction.