758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL F. ROCHON, PETITIONER-APPELLANT,
v.
DALE FOLTZ, RESPONDENT-APPELLEE.
 NO. 84-1221
 United States Court of Appeals, Sixth Circuit.
 2/20/85
 ORDER
 
 1
 BEFORE: ENGEL and MARTIN, Circuit Judges; and PORTER, Senior District Judge.*
 
 
 2
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This is an appeal from the district court's judgment dismissing the appellant's petition for habeas corpus made pursuant to 28 U.S.C. Sec. 2254. The appellant is challenging his Michigan conviction for armed robbery, breaking and entering and a felony firearm offense. The appellant's contention on appeal is that a hearing should have been held concerning the issue of whether he received effective assistance of counsel during the trial. Specifically, the appellant contends that he did not have effective representation in an evidentiary hearing. The hearing was held to ascertain whether two confessions were given voluntarily. The appellant argues that trial counsel was ineffective because he did not enter into the hearing a psychiatric report which showed his insanity and therefore, showed his incapacity to make the confessions. Also, appellant argues that trial counsel was deficient in not pursuing an insanity defense. The district court held, in light of the evidence to contradict insanity cited by the Michigan court of appeals, that the trial counsel's decisions concerning insanity were within the limits of effective advocacy.
 
 
 4
 Where the facts are in dispute, the federal court in a habeas proceeding must hold an evidentiary hearing if the habeas applicant did not receive a full and fair hearing in the state court, either at the time of the trial or in a collateral proceeding. Townsend v. Sain, 372 U.S. 293, 312 (1963). 28 U.S.C. Sec. 2254(d) has essentially codified the circumstances when a hearing is mandated by Townsend v. Sain, Id. Loveday v. Davis, 697 F.2d 135 (6th Cir. 1983). In review of the record, it appears that the arguments of ineffective counsel were addressed at the state appellate level and the factual issues adequately resolved. Furthermore, neither the appellant's petition nor the record reveals any circumstances, as enumerated in 28 U.S.C. Sec. 2254(d), which would require a hearing in this case.
 
 
 5
 Furthermore, the appellant's allegations concerning ineffective assistance of counsel are without merit. A habeas petitioner must establish that counsel was deficient by showing that counsel had committed errors so serious as to not function as counsel guaranteed by the Sixth Amendment, and the petitioner must show that the errors prejudiced the defense and deprived the defendant of a fair trial. Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052 (1984). In reviewing the trial transcript, the psychiatric report solicited by the defense counsel and circumstances surrounding the evidentiary hearing, it appears that the trial counsel rendered reasonably effective representation in the evidentiary hearing. Furthermore, in viewing the circumstances of this case, it appears the trial counsel's strategic choice in foregoing a defense of insanity was reasonable.
 
 
 6
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation