Peter B. MINOR, Petitioner,

v.

The Honorable Fleming WILLIAMS, et al., Respondents.

Civ. A. No. 3:85–1152.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 2, 1985.

On Motion to Alter or Amend
Oct. 24, 1985.

Charles R. Ray and Linda Ross, Nashville, Tenn., for petitioner.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDA OPINIONS, FINDING AND ORDERS

NEESE, Senior District Judge by designation and assignment.

The petitioner Mr. Peter B. Minor applied through counsel to this Court for the federal writ of habeas corpus, claiming he is in the custody of the respondent-sheriff pursuant to the judgment of June 20, 1984 of the Circuit Court of Tennessee for its 21st judicial district including Williamson County, T.C.A. § 16–2–506(21)(A), in violation of the federal Constitution. 28 U.S.C. § 2241(c)(3), 2254(a). He claims he exhausted his state-remedies, 28 U.S.C. § 2254(b), by direct appeal of his judgment of conviction to the Court of Criminal Appeals of Tennessee, which affirmed his convictions for driving under the influence of an intoxicant and recklessly (but reversed the judgment of his conviction for failure to yield to an emergency vehicle) on July 23, 1985, and by seeking permission for additional review, which was denied *per curiam* on September 30, 1985 by the Supreme Court of Tennessee.

### Claim Under Constitution, Sixth Amendment, Right to Impartial Jury Clause [1]

■ In *State of Tennessee, appellee, v. Peter B. Minor, appellant*, no. C.C.A. 85–15–III (Williamson County), the Court of Criminal Appeals found no factual support for such a claim. Therein, it stated *inter alia:*

> The Circuit Court of Williamson County holds court in the evening hours to dispose of misdemeanor cases. A venire of four hundred was summoned for jury duty during the term when this case was tried. By order of the court, the first thirty-two people [*sic:* persons] from this group who wished to volunteer for "night court duty" made up the jury panel for such sessions.

> The defendant [petitioner here] claims this method resulted in the destruction of a fair cross section of the community, by race and class, on this panel. The record, however, is devoid of any proof to support this claim. The defendant called the clerk of the court as a witness on this issue. The clerk recognized fourteen members of this group as people [*sic*] he knew. Twelve of these were Caucasian, one was [B]lack, and one was Hispanic. There was no evidence as to the race or other characteristics of the remaining eighteen jurors. We conclude, therefore, that the defendant has failed to produce any inference of any improperly constituted trial jury and is not entitled to relief on this claim. * * *

*Ib.,* op. at p. 2. This finding is presumed to be correct, the petitioner not having claimed that any of the exceptions listed in sub–§ s (1)–(8), inclusive, of 28 U.S.C. § 2254(d), are applicable.

### Claim Under Constitution, Sixth Amendment, Right to Have Compulsory Process for Obtain-Witnesses in his Favor Clause,[2] and Constitution, Fifth Amendment, Right to Due Process of Law Clause[3]

■ As found also as historical facts herein, *see State of Tennessee, appellee, v. Peter B. Minor, appellant, supra,*

The defendant insists the trial court erroneously refused to accept a witness he offered as an expert on the accuracy of the breathalyzer [breath-alcohol] test.

The defendant testified that he refused to take the breathalyzer test because he

---

1. "In all criminal prosecutions, the accused shall enjoy the right to a * * * trial * * * by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * *." Constitution, Sixth Amendment, *supra.*

2. "In all criminal prosecutions, the accused shall enjoy the right * * * to have compulsory process for obtaining witnesses in his favor * * *." Constitution, Sixth Amendment, *supra.*

3. "No person shall * * * be deprived of * * * liberty * * * without due process of law * * *." Constitution, Fifth Amendment, *supra. See* and *cf.* also Constitution, Fourteenth Amendment, § 1 (" * * * No State shall * * * deprive any person of * * * liberty * * * without due process of law * * *.")

had been told the machine was inaccurate. He presented a witness whom he wished to qualify as an expert. This witness testified to some general background information work as an expert [in forensic chemistry]. He conceded he had never operated the machine and had no experience in its operation. He testified he had seen it operated and read literature about the machine. Based on this and other evidence, the trial judge declined to allow this witness to testify as an expert.

*Ib.*, op. at p. 3. The petitioner claims violations of the federal Constitution in such declination of expert opinion "to rebut the presumption as created by *South Dakota v. Neville*," 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

The latter decision created no such presumption; there, it was held merely that the admission into evidence of a defendant's refusal to submit to a blood-alcohol test did not violate his right against compulsory self-incrimination, and that there would be no fundamental unfairness and violation of due process to use a defendant's refusal to take a blood-alcohol test as evidence of his guilt, even if the testing-officer failed to warn the defendant that such refusal could be used in evidence against him or her at trial. *Id.* No federal-constitutional violation is shown under this claim.

Claim Under Constitution, Fifth Amendment, Due Process Clause, *(supra),* From Alleged Improper Communication With Deliberating Jury By Third-Parties

■ Historically in addition:

The defendant further says that the holding of night sessions created a situation wherein there was an improper communication with the jury deciding the case. * * *

The record shows that while the jury in this case was deliberating, a prospective jury called up to the jury room and inquired if they were done. One of the jurors replied, "No we are not close to being done," and another [prospective juror] asked, "Are you all still there?"

The man outside said, "We lack a juror. Roxanne we want you on the jury."

The defendant insists that this interchange, along with the night session, caused the jury to rush into a decision.

When this episode was brought to the trial court's attention, the defendant was asked if he wished to move for a mistrial. The defendant declined to do so.

After the verdict, the trial judge questioned the jurors and determined that their verdict was not influenced by this exchange. * * *

*State of Tennessee, appellee, v. Peter B. Minor, appellant, supra,* op. at p. 5. " * * * [T]he determination of whether an unauthorized communication between a [prospective juror] and a juror [wa]s prejudicial lies within the sound discretion of the trial judge. * * * " *United States v. Van Buskirk*, 304 F.2d 871, 872 (6th Cir.1962), citing *Johnson v. United States*, 207 F.2d 314, 322 (5th Cir.1953), *cert. den.*, 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954).

No federal constitutional issue is implicated in this claim of the petitioner.

Claim Under Constitution, Fifth Amendment, Due Process Clause, *(supra),* of Prejudicial Comment of Trial Judge in the Presence of Jury-Members

■ This claim was addressed by the Court of Criminal Appeals of Tennessee and produced the following historical facts:

The defendant [petitioner, here] further says the trial jury was polluted by a remark made by the trial judge during the examination of one of the prospective jurors. This occurred when a prospective juror, in the presence of the other jurors, stated that he had a strong feeling that no one should drink and drive a vehicle. The juror's view seemed clearly to be that such a person would be guilty whether his ability to operate a vehicle was impaired or not.

The trial judge remarked that the belief that a person should not drink and get behind the wheel [of a motor vehicle] was no basis to excuse the jury [*sic:* juror] but only to commend him. [How-

ever]: The juror was excused, and the defendant's motion to strike the panel was overruled.

*State of Tennessee, appellee, v. Peter B. Minor, appellant, supra,* op. at p. 2. The applicant claims this judicial comment underscored the excused juror's misconception of the law relating to the presumption of innocence.

Nothing said by the trial judge in the applicant's case may be interpreted as reflecting he had a closed mind on the merits of it. It is not a denial of a fair trial for a trial judge to comment on a case before him where such comment did not evince "a closed mind on the merits" of the case, *United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710 [23], 16 L.Ed.2d 778 (1966), cited (several times) in *United States v. Haldeman,* 559 F.2d 31, 136, *et seq.,* notes 330, *et seq.* (D.C.Cir. 1976), *cert. den.,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977), and the federal right to a trial by jury is trial by an impartial jury, *Oakes v. Howard,* 440 F.2d 1075, 1076 [2] (6th Cir.1971). The *voir dire* examination demonstrates that the applicant received that.

Claim Under Constitution, Fifth Amendment, Due Process Clause, *(supra),* From Testimony of Committing Magistrate

■ "The State called the magistrate to show the condition of the defendant as to sobriety when he [the petitioner] was brought before him [the magistrate]. On direct examination, the testimony was limited to the magistrate's observations of the defendant's condition [at that time].

"In cross-examination, the defendant brought out the matter of probable cause. * * * *" *State of Tennessee, appellee, v. Peter B. Minor, appellant, supra,* op. at p. 6.

There was no violation of the federal Constitution in the State's presenting a judicial officer as a witness: The public has a right to every person's evidence except for those protected by a constitutional, common-law or statutory privilege against testifying, *United States v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 3108 [43], 41 L.Ed.2d 1039 (1974), and " * * * the truth is more likely to be arrived at by hearing the testimony of all persons of competent understanding who may seem to have knowledge of the facts in a case, leaving the credit and the weight of such testimony to be determined by the jury * * *," *Washington v. State of Texas,* 388 U.S. 14, 22, 87 S.Ct. 1920, 1924 [6], 18 L.Ed.2d 1019 (1967).

Claim Under Constitution, Fifth Amendment, Due Process Clause, *(supra),* of Prosecutorial Misconduct in Commenting on Failure of Petitioner to Testify

■ The petitioner claims the assistant public prosecutor inquired of the jury, "Did the defendant ever offer you an explanation as to why * * *?" This argument was discontinued after an objection thereto of the petitioner.

It is problematical whether this comment on the claimed weakness of the case of the petitioner's defense may have been accepted by the jury as a prosecutorial comment on the petitioner's failure to testify. "Reference to uncontradicted portions of the [State's] evidence is improper only when the statement will naturally and necessarily be construed by the jury to be an allusion to the defendant's failure to testify." *United States v. Hasting,*[4] 461 U.S. 499, 515, n. 6, 103 S.Ct. 1974, 1983, n. 6, 76 L.Ed.2d 96 (1983) (concurrence of Justice Stevens in judgment).

This Court hereby FINDS from the petitioner's immediately aforementioned claim insufficient indication that the statement of which he complains would naturally and necessarily have been construed by the jury as a reference to his failure to testify.

It appearing plainly on preliminary consideration of the face of applicant's petition

---

**4.** In *Hastings, supra,* the comment was: "let's look at the evidence the defendants put on here for you so that we can put that in perspective.

I'm going to tell you what the defendants did not do. * * * *" *Ib.,* 461 U.S. at 502, 103 S.Ct. at 1977.

and the exhibits annexed to it that he is not entitled to relief in this Court, it hereby is

ORDERED:

1. that such petition is DISMISSED summarily, Rule 4, Rules—§ 2254 Cases;

2. that the clerk so notify the petitioner and his counsel forthwith, *id.;*

3. that the clerk serve forthwith by certified mail upon the respondent-sheriff and the attorney general and reporter of Tennessee, each, a copy of such petition and of this order, *id.;* and,

4. that the petitioner's application for a stay of execution of the aforementioned judgment of conviction, as affirmed, is DENIED as having now been rendered moot.

## ON MOTION TO ALTER OR AMEND

 The petitioner moved the Court timely to alter or amend (or perhaps more accurately, to vacate) * its judgment herein, Rule 59(e), F.R.Civ.P., so that he may now assert exception no. 8 to 28 U.S.C. § 2254(d). Such motion is committed to the sound discretion of the Court. *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 [5] (6th Cir.1982).

 It is the settled rule of this Circuit " * * * that if a petitioner intends to *establish* that the factual determinations issued in the state forum are violative of one of the eight exceptions [to 28 U.S.C. § 2254(d)], then the petition for a writ of habeas corpus must at a minimum *allege* or provide indicia of the same. Such an allegation will trigger an inquiry as to whether one of the eight exceptions are [sic: is] applicable." *Loveday v. Davis,* 697 F.2d 135, 138 [2] (6th Cir.1983). In the absence of such an allegation, the presumption of correctness of the state court findings attaches " * * * unless it 'otherwise appears' or the respondent 'admits' that the factual determinations are incorrect." *Id.*

The petitioner, who was and is represented by retained counsel, neither alleged nor

suggested the applicability of any of the exceptions of 28 U.S.C. § 2254(d); neither did such "otherwise appear" to the Court, nor did the respondents so "admit[]." Thus, the Court properly accepted the findings of the state court, and it was not required to have reviewed the state trial record independently. *Id.*

The petitioner offers no explanation for failing to provide some indicia that an attempt would be made to establish that one or more of the findings of the state court were within the purview of § 2254(d)(1) through (8). In the absence of the commission of an error by the Court, or a showing of good-cause by the petitioner, the Court is not inclined to exercise its discretion in the extraordinary manner of vacating its final judgment herein.

The motion of the petitioner hereby is

DENIED. Such disposition renders moot the supplemental motion of the petitioner for a stay.

---

* "Rule 59(e) may be utilized in timely attempts to vacate judgment." *Huff v. Metropolitan Life Ins. Co., supra.*