785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT RAPPUHN, Petitioner-Appellant,
v.
HERMAN C. DAVIS, Respondent-Appellee.
 85-5665
 United States Court of Appeals, Sixth Circuit.
 1/16/86
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court on appellant's motion for appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of appellant's informal brief and the record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record establishes that appellant confined a woman against her will in Florida and transported her to Tennessee, where she died after climbing out a window of appellant's vehicle which was traveling at a high rate of speed. Appellant was indicted for murder, aggravated kidnapping and aggravated rape. The aggravated rape charge was dismissed on the motion of the state, appellant was acquitted on the aggravated murder charge but convicted on the aggravated kidnapping charge.
 
 
 3
 Appellant filed his petition for a writ of habeas corpus on March 11, 1985, alleging four grounds for relief. He first contends that the state of Tennessee did not have jurisdiction to try him for kidnapping because the alleged kidnapping occurred in Florida, thereby rendering the alleged crime a federal crime. It is clear that kidnapping is a continuing offense (see T.C.A. Sec. 39-2-301(a): 'Any person who unlawfully . . . confines . . . another with the felonious intent . . ..') and that Tennessee did have jurisdiction over the crime because the victim remained confined against her will while in the state of Tennessee even though the act of confinement was completed in Florida.
 
 
 4
 Appellant's second argument is that the prosecutor improperly presented this case to the grand jury knowing that Tennessee did not have jurisdiction over the crime. As previously noted, the jurisdictional argument has no merit. Appellant also argues that the prosecutor improperly commented on the gun that was purportedly used in the commission of this crime when the gun was not admitted into evidence.
 
 
 5
 A review of the transcript reveals that the jury was not apprised that the 'item' was a gun. Assuming arguendo that the admission of this testimony was an error of state law, such an error is not cognizable in a federal habeas corpus action unless it rises to the level of depriving a defendant of a fundamentally fair trial. Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir. 1984). Because the jury did not see the 'item,' and because the 'item' would have been properly admissible, it is concluded that the testimony and comments regarding the gun did not rise to the level of a constitutional error.
 
 
 6
 The third argument advanced by petitioner is that the trial court refused to admit evidence of the victim's prior criminal arrest for lewd acts for impeachment purposes. Appellant contends that since the charge of aggravated kidnapping was based on committing an aggravated rape on the victim, the evidence of her criminal charges was relevant to show that she consented to intercourse. At the outset, it is difficult to comprehend how a decedent can be impeached. Furthermore, the state court found that the victim's consent was not a factual issue at trial and concluded that this evidence was immaterial and irrelevant. The state court recitation of the facts must be presumed correct, Loveday v. Davis, 697 F.2d 135 (6th Cir. 1983), and that recitation reveals that the victim's consent was not an issue. Assuming arguendo that there was a factual issue as to the victim's consent to intercourse, the exclusion of her prior criminal arrest is not an error of such magnitude as to deprive defendant of a fair trial. Matlock v. Rose, supra. Finally, Tennessee's rape shield law would properly prohibit the admission of such evidence. T.C.A. Sec. 40-17-119; State v. Marquadis, 649 S.W.2d 15 (Tenn. Cr. App. 1982).
 
 
 7
 The final argument advanced by appellant is insufficiency of the evidence. The state court's opinion sets forth facts which establish that there was more than enough evidence to support the verdict. Such findings are entitled to a presumption of correctness unless attacked on one of the grounds enumerated in 28 U.S.C. Sec. 2254(d). Loveday, supra. Appellant herein makes no such attack.
 
 
 8
 It appears that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the final judgment of the district court be affirmed.