785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARNOLD J. SOUTHERS, Petitioner-Appellant,
v.
LARRY LACK, WARDEN; MICHAEL CODY, ATTORNEY GENERAL,
Respondents-Appellees.
 85-5733
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court on appellant's motion for appointment of counsel on appeal from the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant was convicted, in Tennessee, on charges of burglary, grand larceny and being a habitual criminal. He was sentenced to two life terms of imprisonment to be served concurrently. After exhausting his state court remedies, he filed a petition for a writ to habeas corpus. The district court determined that the trial court did not err as alleged by appellant and denied the petition. Likewise, the district court declined to issue a certificate of probable cause.
 
 
 3
 The first allegation presented in the habeas petition is that the trial court erred in refusing to issue subpoenas for three defense witnesses. For the reasons contained in the district court opinion, we conclude that there was no error in this regard. See T.C.A. Sec. 40-17-207.
 
 
 4
 Appellant next contends that the trial court erred in admitting incriminating statements appellant made to Detective Schultz, an officer with the Columbus, Ohio Police Department. Appellant's attack on this determination is twofold. First, he contends that he didn't make any statement to the police, therefore the trial court erred in concluding that the police's testimony to the contrary was credible. Appellant's attack in this regard must fail: he challenges the result of the suppression hearing, not the sufficiency hearing itself. Applying Loveday v. Davis, 697 F.2d 135 (6th Cir. 1983), the state court's determination that appellant made the aforementioned statements must be presumed correct in a habeas proceeding absent one of the eight factors in 28 U.S.C. Sec. 2254(d). Appellant makes no attack on the suppression hearing proceedings; therefore, the factual determination must be presumed correct. The second aspect of appellant's attack on the admission of his confession is that, if he did make such a statement, it was not voluntary because the police misrepresented to him that one of his codefendants implicated him in the crime. Assuming arguendo that the police made such a misrepresentation to appellant, this factor alone would not render the statement constitutionally inadmissible. Frazier v. Capp, 394 U.S. 731 (1969).
 
 
 5
 Next, appellant challenges the conviction pursuant to the habitual criminal charge as being violative of the Eighth Amendment prohibition against cruel and unusual punishment. The appellant correctly points out that Tennessee's criminal statutory scheme provides for parole for persons convicted pursuant to the habitual criminal statute. T.C.A. Sec. 40-28-116(b)(1). Therefore, the punishment appellant received as a result of the habitual criminal conviction (two concurrent life sentences) is constitutionally permissible. See Rummel v. Estelle, 445 U.S. 263 (1980).
 
 
 6
 Appellant's next assignments of error concern the admission of evidence seized from the open bed of appellant's pick-up truck and from appellant's apartment (the police were given permission to enter and search by appellant's live-in girlfriend). This evidence was the subject of a suppression hearing wherein the state court determined that the evidence was properly admissible. Habeas relief will not be granted to a state prisoner for alleged violations of the Fourth Amendment when the state has provided a full and fair hearing on search and seizure issues. Stone v. Powell, 428 U.S. 465 (1976); Gilbert v. Parke, 763 F.2d 821 (6th Cir. 1985).
 
 
 7
 It appears that the questions on which this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the final judgment of the district court affirmed.