791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ERNEST LEWIS, JR., Petitioner-Appellant,
v.
HERMAN C. DAVIS Respondent-Appellee.
 85-6037
 United States Court of Appeals, Sixth Circuit.
 4/3/86
 AFFIRMED
 
 1
 W.D.Tenn.
 
 ORDER
 
 2
 BEFORE: MARTIN and GUY, Circuit Judges; REED, District Judge.*
 
 
 3
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Pursuant to a jury verdict, appellant was convicted on August 25, 1982, of murder in the second degree. He was sentenced to a term of 30 years' imprisonment. The petition indicates that appellant exhausted his state remedies.
 
 
 5
 Appellant filed his petition for a writ of habeas corpus on January 31, 1984. He raised two grounds for relief: (1) the conviction was obtained by the State's failure to furnish defense counsel with information concerning the testimony of a state witness; (2) the only evidence linking defendant with the crime is the testimony of the State's leading witness. The district court found the grounds insufficient to warrant habeas relief. A certificate of probable cause issued.
 
 
 6
 The first ground for relief is that the conviction was obtained by the State's failure to disclose that a witness for the prosecution, Ceonia Spencer, had maintained, until the day before trial, a version of events that was different from the testimony he gave at trial. The record reveals that appellant's trial lawyer 'knew prior to trial' that Mr. Spencer had 'previously maintained a version of events different from that which he was to offer at trial.' As the cross-examination of Mr. Spencer makes clear, defense counsel utilized the knowledge of inconsistent stories to attempt to impeach the witness. It is concluded that, if the State failed to advise appellant of Mr. Spencer's different version of the events of the murder, such failure was nonprejudicial because defense counsel knew of the inconsistent stories prior to trial.
 
 
 7
 The second ground for relief advanced by appellant is that the only evidence linking appellant with the crime was the testimony of Mr. Spencer. While an accused cannot be convicted on the uncorroborated testimony of an accomplice, Williams v. State, 216 Tenn. 89, 390 S.W.2d 234 (1965), the 'quantum of evidence sufficient to corroborate the testimony of an accomplice is for the determination of the jury.' Hawkins v. State, 4 Tenn. Cr.App. 121, 134, 469 S.W.2d 515, 520 (1971). In reviewing an allegation of insufficient evidence in a 28 U.S.C. Sec. 2254 proceeding, the inquiry is whether any rational trier of fact could have concluded beyond a reasonable doubt that the accused committed the crime. Jackson v. Virginia, 443 U.S. 307 (1979); Martin v. Foltz, 773 F.2d 711 (6th Cir. 1985). The state appellate court found that there was sufficient evidence to sustain the jury's apparent determination that the evidence corroborated the testimony of the accomplice as reflected by the verdict; such findings are entitled to a presumption of correctness. Aldridge v. Marshall, 765 F.2d 63 (6th Cir. 1985); Loveday v. Davis, 697 F.2d 135 (6th Cir. 1983). Appellant herein fails to establish that this factual determination by the state court was erroneous; it is therefore reasonable to presume the finding to be correct. 28 U.S.C. Sec. 2254(d); Aldridge, supra. Furthermore, a review of the relevant transcript pages reveals that there was sufficient evidence to corroborate the accomplice's testimony and to enable a rational trier of fact to find guilt beyond a reasonable doubt.
 
 
 8
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the final order of the district court be affirmed.
 
 
 
 *
 The Honorable Scott Reed, U.S. District Judge for the Eastern District of Kentucky, sitting by designation