798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter B. MINOR, Petitioner-Appellant,
v.
Fleming WILLIAMS, Sheriff, and Michael Cody, Attorney
General, Respondents-Appellees.
 No. 85-6014.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1986.
 
 Before KRUPANSKY and GUY, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner Peter B. Minor (the petitioner) appealed the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 The petitioner sought relief from his conviction in Tennessee state court of driving under the influence of an intoxicant and reckless driving after unsuccessfully pursuing his direct appeals. State v. Minor, No. 85-15-Ill (Tenn. Ct. Crim. App. July 23, 1985). The petitioner challenged the racial cross-sectional composition of the night court jury venire from which the panel which convicted him was derived, the trial court's refusal to allow the petitioner's purported expert to testify as to the inaccuracy of breathalyzers, an allegedly improper jury communication, a remark by the trial judge purportedly to the petitioner's prejudice, the admission at trial of the testimony of a magistrate as to the petitioner's condition upon arrest, and an alleged prosecutorial comment on the petitioner's failure to testify.
 
 
 3
 The district court dismissed the petition after presuming the state appellate court's factual findings to be correct pursuant to 28 U.S.C. Sec. 2254(d) and concluding that the petitioner's contentions were without merit. The petitioner thereafter timely filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and simultaneously filed the transcript of the state trial court proceedings, alleging that the state court record did not fairly support the factual determinations of the state appellate court presumed correct by the district court. The district court declined to vacate its earlier judgment inasmuch as the petitioner had failed to allege or indicate in his petition the applicability of any of the exceptions to Sec. 2254(d) nor did it otherwise appear to the district court that the findings were erroneous. The petitioner further had neglected to articulate any good cause for his failure to provide indicia that he intended to challenge any state factual findings.
 
 
 4
 The petitioner's major argument on appeal was that the district court erred in presuming correct the state court factual findings pursuant to 28 U.S.C. Sec. 2254(d) and in denying his Rule 59(e) motion based thereupon. This court is of the opinion that the district court did not err in this respect for the reasons expressed in the opinion of the district court denying the petitioner's Rule 59(e) motion. See also v. Davis, 697 F.2d 135 (6th Cir. 1983). The petitioner's remaining contentions regarding the merits of his claims on habeas were adequately discussed by the district judge in his written opinion. Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 Hon. S. Arthur Spiegel, United States District Judge, United States District Court for the Southern District of Ohio, sitting by designation