833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Petitioner-Appellant,
v.
Carl E. HUMPHREYS, Respondent-Appellee.
 Nos. 87-3307, 87-3308.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner seeks review of two judgments of the United States District Court for the Southern District of Ohio which dismissed his petitions for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Both petitions were dismissed by a single, identically worded opinion and order. In this opinion and order the district court concluded that the petitioner had waived the issues presented due to his failure to meet the cause and prejudice test of Wainwright v. Sykes, 433 U.S. 72 (1977). Because petitioner failed to show cause and prejudice for his failure to raise these same issues before the Ohio Supreme Court, we conclude that his petitions were properly dismissed.
 
 
 3
 A brief review of the procedural history of petitioner's many appeals and post-conviction challenges reveals that only on one occasion did petitioner seek leave to appeal his conviction for rape and sexual battery to the Ohio Supreme Court. In that instance only two issues were raised in the memorandum in support of jurisdiction. Neither of those issues was presented to the district court in the petitions presently under review. Although petitioner was also before the Ohio Court of Appeals in two separate post-conviction proceedings, he did not attempt to appeal from either of those decisions. Consequently, petitioner is now barred by his procedural default from pursuing relief in the state courts of Ohio. See Leroy v. Marshall, 757 F.2d 94, 97-100 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Keener v. Ridenour, 594 F.2d 581 (6th Cir.1979).
 
 
 4
 When a state prisoner is barred by a procedural default from raising a constitutional claim in the state courts, he may not litigate that claim in a Sec. 2254 habeas corpus proceeding without showing cause for and actual prejudice from the default. Engle v. Isaac, 456 U.S. 107, 129 (1981); Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). Absent such a showing, the prisioner will be held to have waived his claims. Leroy v. Marshall, 757 F.2d at 97.
 
 
 5
 Petitioner made no showing of cause and prejudice before the district court nor does he attempt to make such a showing before this court. Instead, petitioner argues that the district court in both cases ignored the holding of Fay v. Noia, 372 U.S. 391 (1963), and improperly denied him appointed counsel and an evidentiary hearing on the merits of his constitutional claims. Both of these arguments are meritless. The broad language of Fay v. Noia on which petitioner relies was specifically rejected in Wainwright v. Sykes, 433 U.S. at 87-88. Furthermore, petitioner made no showing, nor does the record reveal, that any of the circumstances warranting an evidentiary hearing under 28 U.S.C. Sec. 2254(d) were satisfied. See Loveday v. Davis, 697 F.2d 135, 136-37 (6th Cir.1983). The petitioner has likewise failed to establish the necessity for the appointment of counsel. See Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir.1987); Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983).
 
 
 6
 Accordingly, the judgments of the district court in cases 87-3307 and 87-3308 are affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.