861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaac JACKSON, Petitioner-Appellant,
v.
Michael DUTTON and W.J. Michael Cody, Attorney General,
Respondents-Appellees.
 No. 87-6233.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before CORNELIA G. KENNEDY, BOYCE MARTIN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Isaac Jackson appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 On February 15, 1982, Jackson and another man were arrested for armed robbery in Memphis, Tennessee. Despite strong evidence against Jackson, his counsel (Assistant Public Defender Charles Wright) received a plea bargain offer for the minimum ten year sentence in exchange for a plea of guilty. Counsel communicated the ten-year offer to Jackson, but the offer was not accepted. In October, 1982, Jackson was convicted of armed robbery in a jury trial and was subsequently sentenced to thirty years imprisonment. Jackson pursued a direct appeal and a petition for post-conviction relief in the state courts. The appeal and the post-conviction petition were unsuccessful, and Jackson exhausted his state appeals in each case.
 
 
 3
 On March 4, 1986, Jackson filed in district court a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The magistrate recommended that the petition be denied on June 24, 1987. The district court adopted the magistrate's recommendation and dismissed the petition, without an evidentiary hearing, on September 30, 1987.
 
 
 4
 On appeal, Jackson makes two principal claims. First, he asserts that, under the standard of Strickland v. Washington, 466 U.S. 668 (1984), his trial counsel rendered ineffective assistance and that he was prejudiced by this ineffectiveness. Specifically, Jackson alleges that his counsel failed to: (1) investigate before the trial and properly prepare for the trial; (2) prepare for his competency hearing; and (3) discuss the state's plea bargain offer with him and advise him as to the consequences of its rejection. Jackson contends that the errors and omissions of his counsel were so pervasive that prejudice should be presumed; alternatively, Jackson asserts that he was prejudiced by counsel's failure to advise him concerning the consequences of the state's plea bargain offer because, had he been properly advised, he would have pled guilty and received only a ten year sentence.
 
 
 5
 We believe that Jackson has failed to establish a claim for ineffective assistance of counsel. A petitioner is not entitled to habeas corpus relief based on ineffective assistance of counsel unless: (1) counsel was not functioning so as to provide reasonably effective assistance, and (2) counsel's errors were so serious as to deprive the petitioner of a fair trial because of a reasonable probability that, but for counsel's errors, the results would have been different. Strickland, 466 U.S. at 694; Krist v. Foltz, 804 F.2d 944, 947 (6th Cir.1986). We agree with the district court's determination that Wright's performance as counsel was not deficient, and, even if counsel were regarded as deficient, Jackson failed to show that he was prejudiced by counsel's errors.
 
 
 6
 The record shows that, "in light of all the circumstances," Wright was not ineffective as counsel. Strickland, 466 U.S. at 690. Despite Wright's statement, made in court the day before trial began, that he was unprepared for trial, his performance prior to and during trial was not deficient. He sent an investigator to obtain statements from the victims, obtained discovery from the state, viewed the physical evidence, learned of the line-up identification of Jackson, and obtained a copy of the confession made by Jackson the day after his arrest. He talked to Jackson several times in the jail and at court appearances. Wright also moved to suppress Jackson's confession and, along with counsel for co-defendant, unsuccessfully undertook to suppress the physical evidence (a gun and money) seized by police when Jackson and co-defendant were arrested. The evidence clearly shows that Wright, despite Jackson's repeated statements that he expected another attorney to represent him, prepared for trial and did not perform deficiently.
 
 
 7
 Jackson contends that Wright's performance was also ineffective because Wright was unprepared for the competency hearing held on October 18, 1982, and, as a result, evidence concerning Jackson's prior treatment for drug and alcohol abuse, his attempted suicides while incarcerated, and his hospital records showing his treatment following the suicide attempts was not presented. The record shows, however, that Wright may have been unaware of Jackson's suicide attempts because of Jackson's expressed preference for another attorney and his uncooperative attitude toward Wright. Moreover, a medical witness at the competency hearing asserted that Jackson's suicide attempts were not true suicide attempts but manipulative behavior by Jackson. We therefore conclude that, even assuming that Wright's failure to learn about Jackson's medical history and to introduce medical records into evidence constituted unprofessional error, Jackson has failed to prove prejudice. Because Jackson has not shown a reasonable probability that the result would have been different but for Wright's failure to present the medical evidence, Jackson has not established ineffectiveness of counsel under Strickland.
 
 
 8
 Jackson additionally alleges that Wright was ineffective as counsel because Wright failed to advise him about the consequences of rejecting the state's plea bargain offer. Jackson admits that Wright informed him of the plea bargain offer, and Wright testified at the state post-conviction proceeding that he discussed the offer with Jackson and that Jackson apparently considered the offer. Although Jackson now claims he would have accepted the plea bargain offer and entered a guilty plea had Wright advised him of the consequences of rejection, Jackson did not testify at the post-conviction proceeding and did not allege in his petition to the district court that he would have accepted the plea bargain offer had Wright properly advised him. We conclude that, even assuming Wright's performance in regard to the plea bargain offer to be deficient, Jackson again failed to establish prejudice because he did not show a reasonable probability that, but for Wright's alleged errors, he would have pled guilty and avoided the jury trial. See Hill v. Lockhart, 474 U.S. 52 (1985). Jackson's claim of ineffective assistance of counsel cannot be sustained.
 
 
 9
 Second, Jackson claims that the district court erred in denying relief without an evidentiary hearing because the findings of fact made by the state courts were not entitled to the presumption of correctness generally given to state findings of fact under Sec. 2254. Specifically, Jackson alleges that he "did not receive a full, fair, and adequate hearing in the State court proceeding" under Sec. 2254(d)(6) because he was not allowed to testify about the circumstances surrounding his undertaking to employ a defense attorney other than Wright, the attorney appointed to defend him. In light of Jackson's allegation, the district court carefully examined the record of the post-conviction proceedings and found that Jackson had been represented by an attorney other than Wright and that he had been permitted to present proof. Jackson failed to show that he did not receive a full, fair and adequate hearing in the state proceedings and failed to allege or establish any other statutory exception to the general presumption of correctness. The state court's findings of fact are therefore entitled to the presumption of correctness, and, consequently, the district court cannot be mandated to grant an evidentiary hearing. Loveday v. Davis, 697 F.2d 135, 138 (6th Cir.1983); Fowler v. Jago, 683 F.2d 983, 988 (6th Cir.1982).
 
 
 10
 Because the district court did not err in refusing to grant an evidentiary hearing and because Jackson did not establish a claim of ineffective assistance of counsel, we affirm the decision of the district court.