54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Daniel VILLERS, Petitioner-Appellant,
v.
Michael DUTTON, Respondent-Appellee.
 No. 94-5205.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Daniel Villers, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In March 1987, Villers pleaded guilty in the Criminal Court of Wilson County, Tennessee, to felony murder and was sentenced to life imprisonment. Following an evidentiary hearing held on his petition for post-conviction relief, the trial court vacated Villers's sentence. The state appealed and the Tennessee Court of Criminal Appeals reversed the trial court's judgment with instructions to dismiss Villers's petition. The Tennessee Court of Criminal Appeals denied Villers's petition to rehear and the Tennessee Supreme Court denied his application for permission to appeal.
 
 
 4
 In his petition for habeas corpus relief, Villers argued that his guilty plea was not voluntary because the district court did not advise him of his right to confront witnesses against him or his right against self-incrimination. In a verified reply to Dutton's response, Villers argued that his counsel did not inform him of these rights, and that he was taking (unspecified) medication at the time he entered his plea. Upon review, a magistrate judge filed a report recommending that the district court dismiss the petition as without merit. Over Villers's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Villers has filed a timely appeal, reasserting his same claims. Villers has also filed a motion for in forma pauperis status.
 
 
 5
 Upon review, we affirm the district court's judgment because Villers has not shown that the proceedings against him were fundamentally unfair. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993).
 
 
 6
 Villers's claim that his guilty plea was involuntary is without merit. The Tennessee Court of Criminal Appeals' summary of the facts regarding Villers's guilty plea is presumed correct because Villers has not shown by convincing evidence that any of the conditions set forth in 28 U.S.C. Sec. 2254(d)(1)-(8) apply to this case. Sumner v. Mata, 455 U.S. 591, 592-93 (1982)(per curiam); Loveday v. Davis, 697 F.2d 135, 139-40 (6th Cir. 1983). An appellate court independently reviews the district court's findings of fact made pursuant to the presumption of correctness to determine whether those facts are fairly supported by the record. Sumner, 455 U.S. at 593. The statute itself places the burden on the petitioner to show by convincing evidence that those facts are not fairly supported by the record. See 28 U.S.C. Sec. 2254(d); Smith v. Jago, 888 F.2d 399, 407 (6th Cir. 1989), cert. denied, 495 U.S. 961 (1990). Villers's argument that counsel did not inform him of his rights is insufficient as it merely constitutes a credibility question, and federal courts are required to give special deference to credibility determinations. See Patton v. Yount, 467 U.S. 1025, 1038 (1984); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir. 1985). The Tennessee Court of Criminal Appeals' findings establish that Villers guilty plea was knowing and voluntary. See Brady v. United States, 397 U.S. 742, 749 (1970). Review of the record establishes that Villers's attorneys advised him of the evidence against him, the results of their investigation, the nature and scope of a capital sentencing hearing, the right to trial by jury, the right to confront and cross-examine his accusers, the right to call witnesses, and the privilege against self-incrimination. This representation is sufficient to show that Villers was aware of the consequences of his plea. See, e.g., Marshall v. Lonberger, 459 U.S. 422, 436 (1983).
 
 
 7
 Accordingly, we hereby grant Villers pauper status for the limited purpose of this review, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation