**NOT PRECDENTIAL**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

No. 12-4070

DAVID ELTON MANDEVILLE,

Appellant

v.

PAUL K. SMEAL

On Appeal from the District Court
for the Middle District of Pennsylvania
(District Court No.: 3-09-cv-01125)
District Judge: Honorable A. Richard Caputo

Submitted under Third Circuit LAR 34.1(a)
on September 11, 2014

Before: RENDELL, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: September 12, 2014)

O P I N I O N

**RENDELL**, Circuit Judge:

Following his state court trial, David Mandeville was convicted of first degree

murder, criminal conspiracy, robbery, burglary and theft, arising out of the 1996 killing

of Charles Gregg. Mandeville was sentenced to life imprisonment, in addition to shorter

periods of incarceration for certain of his crimes. His subsequent state court challenges to his convictions and sentences were all denied, with the sole exception that his conviction for theft was vacated.

In his federal habeas petition, Mandeville raised several claims for relief including, *inter alia*, denial of counsel during police questioning, improper jury instructions, counsel's failure to elicit testimony or object to improper remarks by the prosecution, and ineffective appellate counsel. All claims were denied in a Report and Recommendation authored by the Magistrate Judge in the District Court. Mandeville filed numerous objections, among them that the Magistrate Judge erred in failing to review the entire state court trial record. The District Court overruled all objections, affirmed the Report and Recommendation, and denied Mandeville's habeas petition. However, the District Court granted a certificate of appealability on the sole objection of whether review of the complete state trial record was required. That is the only issue before us.

Mandeville notes that only certain portions of the state court record were submitted to the District Court, and that he could not provide the complete record because of his indigent status. Mandeville urges that the "District Court should have directed the [Respondent] to" produce all state trial court transcripts. (Appellant's Br. at 44.) He similarly argues that it was not possible for the District Court to review his habeas petition on the merits without access to the "entire trial transcript and all state court pleadings including post conviction filings . . . ." (*Id.* at 51.) At no point does Mandeville claim any specific prejudice, such as an issue in his habeas petition that

2

required the portions of the trial record not supplied, in order for a proper disposition. Rather, he appears to advance a per se rule, that the complete state record must always be provided to the District Court on habeas review.

However, Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts states in part that an answer to a habeas petition "must . . . indicate what transcripts . . . are available . . . .  The respondent must attach to the answer parts of the transcript that the respondent considers relevant.  The judge may order that the respondent furnish other parts of existing transcripts . . . ."  In other words, the District Court has discretion in determining whether the transcripts provided are sufficient.  Here, Mandeville has provided no reason why the Court should have ordered additional transcripts.

Concerning habeas review generally, the Supreme Court has recognized that *relevant* transcripts are required to conduct a proper review of a habeas petition.  *See Dobbs v. Zant*, 506 U.S. 357,  359 (1993) (noting that transcript should have been considered in habeas review, given its "relevance, for it calls into serious question the factual predicate on which" the lower courts relied).  We echoed this sentiment in *Marshall v. Hendricks*, 307 F.3d 36, 114-15 (3d Cir. 2002), finding that an evidentiary hearing on a habeas petition was required to develop "a *sufficient* record to probe the claimed ineffectiveness." (emphasis added)  In addition, incomplete transcripts on direct appeal constitute a due process violation only where a defendant can show a "colorable need" for a complete transcript.  *Fahy v. Horn*, 516 F.3d 169, 190-91 (3d Cir. 2008).

There is accordingly no universal requirement, either in the Federal Rules or any binding precedent, that district courts must obtain or read the entire record of state criminal proceedings for every habeas petition.[1]  Though this may be an ideal practice, we adhere to the standard set by Rule 5(c), such that state respondents must provide those trial transcripts they perceive as relevant, while district courts have clear discretion to order the production of any additional transcript deemed necessary.  To reiterate, Mandeville does not claim that the District Court's decision on any particular ground was erroneous because of absent transcripts.  Under these circumstances, we conclude that the District Court did not err in declining to request additional transcripts, in order to review the entire record.  We will affirm the judgment of the District Court.

---

[1] *Cf. Kraus v. Taylor*, 715 F.3d 589, 595 (6th Cir. 2013) (noting the confusing rule in that circuit, that a District Court must make a "review of the entire state court trial transcript" but there is "no strict rule requiring a district court to read" the entire transcript, rather the court must "consider portions of that transcript that are relevant to the petitioner's claim.") (internal quotations and citations omitted).